UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | No. 3:15-CR-50-TAV-CCS-2 |
| SIMMY MULLINS, | ) ) | |
| Defendant. | ) | |

## **MEMORANDUM OPINION AND ORDER**

Defendant has asked to serve the remainder of his sentence on home confinement [Doc. 106]. Although defendant states that he does not intend to request compassionate release, but merely home confinement, he cites no alternative authority for reducing his sentence of imprisonment. And, the Court lacks authority to modify defendant's sentence, "unless such authority is expressly granted by statute." *United States v. Thompson*, 714 F.3d 946, 948 (6th Cir. 2013) (citing *United States v. Curry*, 606 F.3d 323, 326 (6th Cir. 2010)).

As another judge in this District has noted, while the CARES Act "provides for expanded prisoner home confinement under the framework set out in 18 U.S.C. § 3624(c)," it "places decision making authority solely within the discretion of the Attorney General and the Director of the Bureau of Prisons." *United States v. Justice*, No. 3:14-cr-103, 2020 WL 2748044, at *1 (E.D. Tenn. May 27, 2020) (citing CARES Act, Pub. L. No. 116-136, 134 Stat. 281 (2020), and 18 U.S.C. § 3624(c)(2)). Thus, courts lack authority to grant the kind of relief defendant requests under the CARES Act.

Defendant states specifically that he does not seek compassionate release [Doc. 106 p. 1], so the Court will not evaluate his claim under 18 U.S.C. § 3582(c)(1)(A).

Because defendant identifies no valid statutory authority for the Court to modify his sentence as requested, defendant's motion [Doc. 106] is **DENIED**.

IT IS SO ORDERED.

s/ Thomas A. Varlan
UNITED STATES DISTRICT JUDGE